## GRIMES v. UNITED STATES.
### No. 11404.

Circuit Court of Appeals, Fifth Circuit.

Oct. 18, 1945.

C. A. Cunningham, of Macon, Ga., for appellant.

Chas. W. Walker, Asst. U. S. Atty., and John P. Cowart, U. S. Atty., both of Macon, Ga., for appellee.

Before SIBLEY, HUTCHESON, and LEE, Circuit Judges.

LEE, Circuit Judge.

One J. Shelton Kitchens and appellant were jointly indicted on two counts charging them with the unlawful possession and transportation, on or about October 29, 1944, within the Macon Division of the Middle District of Georgia, of tax-unpaid whiskey, in violation of 26 U.S.C.A.Int.Rev. Code, § 2803(a) and (g). Kitchens pleaded guilty, appellant not guilty, to the charges. Appellant was thereafter duly tried, was found guilty as charged on both counts, and was committed to the custody of the attorney general for imprisonment for a period of eighteen months. On appeal here he contends that the court below erred:

(1) In overruling his motion for a directed verdict of not guilty;

(2) In refusing to give to the jury some twelve special charges submitted by him in writing;

(3) In refusing to charge the jury as requested by him on aiding and abetting; and

(4) In referring to him as a "partner" and an "alleged accomplice" of Kitchens in the court's general charge.

The facts, developed on the trial, may be stated briefly as follows: On October 29, 1944, two city detectives of Macon, Georgia, were patrolling its streets and saw a Buick automobile parked in an alley; they drove up behind the parked car and recognized Kitchens and appellant as its occupants. On discovering the officers, appellant drove the Buick rapidly away. The officers gave chase, overtook and stopped the Buick, and searched it. They found therein thirty-three gallons of tax-unpaid whiskey in one-gallon glass jugs packed in Coca-Cola boxes or cartons, which appellant told the officers belonged to Kitchens. Kitchens as a witness testified that he owned the car and the whiskey; that he was drunk and afraid to drive the car and got appellant to drive the car for him, intending to go outside the city, pour out the whiskey, and sober up; and that after appellant got into the car, he went to sleep and was awakened by the siren of the officers' car as it came up alongside the Buick and stopped it.

It is apparent from this evidence that appellant had physical control of the car that he was driving, and that he acted on his own volition in attempting to escape. Such attempt, coupled with his statement to the officers that the whiskey belonged to Kitchens, justified the conclusion that appellant was fully aware of the presence of the tax-unpaid liquor in the car he was driving. Under the evidence appellant was aiding and abetting Kitchens in the commission of the offenses charged. By such course he became a principal therein. 18 U.S.C.A. § 550. The motion for a directed verdict was properly overruled.

The contention that the court below erred in refusing to give the twelve special charges which appellant submitted in writing hardly merits consideration. A casual reading shows that these special charges were covered in the court's general charge.

Likewise without merit is appellant's contention that the court below erred in failing to give the charge he requested on aiding and abetting. The requested charge read:

"Participation in the commission of the same criminal act and in the execution of common criminal intent is necessary to render one person in a legal sense an accomplice of another; that although a person may have been present at or near the scene of the crime, yet if he did not in any way aid or abet or procure its commission or participate in it, he would not be an accomplice."

There was no evidence to justify such a charge.

The fourth error assigned by appellant has to do with the following language used by the court below in charging the jury:

"Now, in this case we have the testimony of an alleged accomplice, that is to say the testimony of one who was mixed up or connected with this transaction that is under investigation here, connected with the defendant who is on trial. He is referred to as an accomplice. He might be thought of as a partner or person jointly interested. Now, the rule is that the testimony of an accomplice should be scanned with care and received with caution, and that the jury should consider all the facts and circumstances in the case and if, by reason of that fact, you should not be willing to accept any part of the accomplice's testimony, then you would be authorized to disregard it. But, on the other hand, if you think under all the facts and circumstances of this particular case that what the alleged accomplice testified to was true, then you would be authorized to act on his evidence; and if you are satisfied with it and convinced in connection with the other testimony that the defendant is innocent, you would be authorized to acquit the defendant, or if you entertain a reasonable doubt of his guilt, you would be authorized to acquit him, and it would be your duty to do so."

Appellant urges that this language was prejudicial in that the court makes him a partner and an alleged accomplice of Kitchens who pleaded guilty, hence that as a partner, if Kitchens was guilty, he necessarily was guilty. We do not find, however, that the language of the court justifies this conclusion. The court used the term "partner" in the sense only of a participant in the transaction under investigation and in explaining who would be an accomplice.

The judgment appealed from is affirmed.